UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANTISSA D. WADE,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>VERNESSA GARLAND et al.,<br><br>　　　　　　Defendant(s). | CASE NO. C25-0983-KKE<br><br>DISMISSAL ORDER |

This matter comes before the Court on the personal injury complaint initiated by Plaintiff Chantissa D. Wade, proceeding *pro se*. Dkt. No. 6. Magistrate Judge Brian A. Tsuchida granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C § 1915(a)(1). Dkt. No. 5. In Judge Tsuchida's order, he recommended that the complaint be reviewed under § 1915(e)(2)(B) before issuance of the summons. *Id.* Having reviewed and screened the complaint under § 1915, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and to establish subject matter jurisdiction. However, the Court provides Plaintiff leave to file an amended pleading by **September 8, 2025**, to cure the deficiencies described below.

### I.　BACKGROUND

Plaintiff alleges that around November 2022, Defendants published a book which included "unauthorized references" to Plaintiff. Dkt. No. 6 at 2. According to Plaintiff, these references include her name, place of employment, and "personal history". *Id.* Plaintiff has not had contact

DISMISSAL ORDER - 1

with Defendants, who are her family members, for several years. *Id.* She did not consent to the use of this information in the book. *Id.* Plaintiff contends that when she learned about the book, she "made public statements disavowing it, which led to retaliatory actions and threats by Defendant Brandi C. Miller, including threats to contact Plaintiff's husband's Navy command." *Id.*

Plaintiff asserts six claims for invasion of privacy, intentional infliction of emotional distress ("IIED"), defamation, harassment and retaliation, and violation of right to publicity. Dkt. No. 6. Plaintiff proceeds *pro se*, and Magistrate Judge Brian Tsuchida granted her motion for leave to proceed *in forma pauperis* on June 9, 2025. Dkt. No. 5.

## II.   ANALYSIS

When a plaintiff proceeds *in forma pauperis*, the district court is required to screen the complaint and determine if the action should be dismissed because it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim under § 1915 incorporates the standard under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally, and only dismisses the complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

The Court also considers, on its own accord, whether it has subject matter jurisdiction over this matter. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action.").

DISMISSAL ORDER - 2

Here, the complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff asserts jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). Dkt. No. 6 at 2. To establish diversity jurisdiction under § 1332, Plaintiff needs to adequately plead facts showing that Plaintiff and Defendants are citizens of different states, and that the amount in controversy exceeds $75,000. § 1332(a). The amount in controversy constitutes the amount at stake in the litigation. *Jauregui v. Roadrunner Transp. Servs.*, 28 F.4th 989, 994 (9th Cir. 2022). Plaintiff alleges that she is a Washington citizen, and Defendants are Florida citizens. Dkt. No. 6 at 2. Plaintiff seeks "[c]ompensatory damages in an amount to be determined at trial" and "punitive damages for willful and malicious conduct", in addition to injunctive relief. *Id.* at 2. Because Plaintiff does not specify the amount of damages and the rest of the complaint does not clarify the scope of possible damages, it is unclear whether the amount in controversy requirement is satisfied to establish diversity jurisdiction over this action.

Beyond the jurisdictional issues, Plaintiff also fails to state a claim for any cause of action asserted here. The complaint lacks sufficient factual allegations for the Court to assess whether Plaintiff states viable claims for invasion of privacy, IIED, defamation, harassment and retaliation, and violation of right to publicity. For example, to assert a claim for invasion of privacy, Plaintiff must adequately allege facts showing:

> (1) An intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or [her] private affairs; (2) With respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy; (3) The intrusion would be highly offensive to a reasonable person; and (4) That the defendant's conduct was a proximate cause of damage to plaintiff.

*Doe v. Gonzaga University*, 24 P.3d 390, 399 (Wash. 2001), *reversed on other grounds*, 536 U.S. 273, (2002); *see also* WASH. REV. CODE § 42.56.050 ("A person's 'right to privacy[ ]' … is

DISMISSAL ORDER - 3

invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public."). Plaintiff alleges that Defendants disclosed her name, place of employment, and "personal history", but these vague statements do not support a showing that Plaintiff had a reasonable expectation of privacy over that information, that the disclosure was "highly offensive to a reasonable person", or that Defendants' disclosure caused Plaintiff's injury. Indeed, Plaintiff also fails to describe what injury she suffered from the disclosure. Conclusory statements, without supporting factual content, cannot state a claim under Rule 12(b)(6)'s standard. *Ashcroft*, 556 U.S. at 678. The same conclusion applies to Plaintiff's other claims for IIED,[1] defamation,[2] harassment and retaliation,[3] and violation of right to publicity.[4]

That said, it is unclear whether the complaint's deficiencies can be cured by amendment. *See also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of a pro se complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Therefore, the Court will provide Plaintiff leave to amend

---

[1] To state a claim for IIED, Plaintiff must show "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of emotional distress." *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014). Though Plaintiff need not prove bodily harm or objective symptomology, the emotional distress must be severe, not transient or trivial. *Kloepfel v. Bokor*, 66 P.3d 630, 631 (Wash. 2003).

[2] "A defamation action consists of four elements: (1) a false statement, (2) publication, (3) fault, and (4) damages." *Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013).

[3] Under WASH. REV. CODE § 10.14.020(2), "unlawful harassment" consists of (1) a knowing and willful (2) course of conduct (3) directed at a specific person, (4) which seriously alarms, annoys, harasses, or is detrimental to that person, and (5) serves no legitimate or lawful purpose. *Sloan v. Benson*, No. 77520-1-I, 2019 WL 183822, at *2 (Ct. App. Jan. 14, 2019).

[4] The Washington Personality Rights Act provides a statutory cause of action for violation of one's publicity and personality rights. *See* WASH. REV. CODE § 63.60.010. To state a claim for violation of one's right to publicity, a plaintiff must show that the defendant used a living or deceased individual's or personality's "name, voice, signature, photograph, or likeness ... for purposes of advertising products, merchandise, goods, or services, or for purposes of fund-raising or solicitation of donations ... without written or oral, express or implied consent of the owner of the right[.]" WASH. REV. CODE § 63.60.050; *see also* WASH. REV. CODE § 63.60.060.

DISMISSAL ORDER - 4

to allege additional facts about the type of information allegedly wrongfully disclosed, Plaintiff's injury, and other information necessary to support Plaintiff's claims.

The Court advises Plaintiff that the amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). This means that once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint should show the docket number assigned to this case and be labeled "First Amended Complaint."

Accordingly, the Court ORDERS the following:

1. Plaintiff's complaint is DISMISSED without prejudice and WITH LEAVE TO AMEND; and

2. Plaintiff must file a First Amended Complaint by **September 8, 2025**.

If Plaintiff fails to comply with this order to file an amended complaint, this action may be dismissed for failure to prosecute and failure to obey the Court's order.

Dated this 6th day of August, 2025.

Kymberly K. Evanson
United States District Judge